Rogers, Presiding Judge,
concurring separately.
{¶ 39} I concur with the majority that this case must be reversed, but I do so for different reasons.
{¶ 40} In her first assignment of error Kimberly has argued an inability to pay. However, the amounts due were negotiated by her and her counsel. The amounts were not an arbitrary figure imposed by the trial court. She negotiated the amounts and assured the trial court and Rick that she could and would pay according to the negotiated agreement, and by that agreement she avoided a pending motion for contempt. I do not believe that the alleged change in *284 circumstances was anything she did not or could not have foreseen when she negotiated her way out of the prior motion for contempt. Therefore, I concur that the finding of contempt was proper and would overrule the first assignment of error.
{¶ 41} The second and third assignments of error are sufficiently related to be considered together. The proper procedure in civil-contempt proceedings, after making a finding of contempt, is to place the contemnor on notice of the intended sanction or penalty, and then the trial court must allow the contemnor an opportunity to purge the contempt, that is, to do what was ordered or to eliminate a deficiency.
{¶ 42} Some might read the trial court’s judgment entry imposing a suspended sentence as an inartfully stated opportunity to purge. Treated as such, this would result in a nonfinal order, and we would be required to dismiss this appeal. However, I would hold that the procedure followed by the trial court was improper and reverse with instructions to allow the contemnor the opportunity to purge.
{¶ 43} It is apparent in this case that the trial court made a proper finding of contempt, but then used the wrong procedure to impose a sentence. The trial court here announced a sentence and then suspended the sentence on certain conditions. The result is not the same as an opportunity to purge, particularly when the conditions imposed have no relationship to the deficiency that gave rise to the contempt. When the contempt is based on failure to pay support, the purge must relate to paying what has not been paid, not to paying in the future or doing other acts in the future. For these reasons, I would sustain the appellant’s second and third assignments of error.
{¶ 44} Accordingly, a reversal is necessary in order for the trial court to put the appellant on notice of a potential penalty and for the trial court to give the appellant an opportunity to purge on conditions that properly relate to the acts of contempt.